UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAKITA JOHNSON                                    CIVIL ACTION

VERSUS                                            NO. 25-2578

JOSEPH P LOPINTO                                  SECTION "T"(3)

## REPORT AND RECOMMENDATION

Plaintiff Jakita Johnson, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Sheriff Joseph Lopinto.

Johnson failed to sign the complaint and did not pay the filing fee or submit a pauper application with her complaint. On January 5, 2026, the Clerk of Court sent Johnson a notice of this deficiency which required Johnson to sign the complaint and either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[1] The necessary pauper form was provided to Johnson with the Notice of Deficiency.[2] The envelope mailed to Johnson at her prison address of record has not been returned as undeliverable.

On February 10, 2026, when Johnson did not respond to the deficiency notice, the Court issued an order for Johnson to show cause by March 3, 2026, why her complaint should not be dismissed for failure to prosecute by her failure to sign the complaint and pay the filing fee or submit a certified pauper application.[3] The Court

---

[1] R. Doc. 3.
[2] R. Doc. 3-2.
[3] R. Doc. 4.

warned Johnson that "**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED.**"[4] The envelope mailed to Johnson at her prison address of record has not been returned as undeliverable.

To date, Johnson has not responded to the order, signed the complaint, submitted a certified pauper application, or paid the filing fee. Johnson's failure to comply with the order to show cause clearly reflects a failure on her own part to prosecute.

In the light of the foregoing, it is appropriate to dismiss Johnson's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Johnson is proceeding *pro se*, the Court need consider only her conduct in determining whether dismissal is proper under Rule 41(b). As noted, Johnson was twice instructed to sign the complaint and pay the required filing fee

---

[4] *Id.* at 2.

or submit an application to proceed as pauper. To date, the complaint remains unsigned, the filing fee remains unpaid, and no pauper application has been submitted. For these reasons, the Court is unable to advance Johnson's claims on the docket. Accordingly, her complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Jakita Johnson's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *see Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 24th day of March, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE